UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LEAH JACKSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL WAY POLICE DEPT., et al,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-CV-01616-CAB-VET<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1391(b), and**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

On September 10, 2024, Plaintiff Laura Leah Jackson filed a complaint against Defendants San Diego Police Department, Officers Butts and Smith of the Federal Way Police Department, and Sheriff Fry of the Seattle-Tacoma Sheriff's Office.[1] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF No. 2]. For the reasons outlined below, this case is **DISMISSED** for improper venue and the IFP motion is **DENIED** as moot.

---

[1] Plaintiff does not provide the first names of Officer Butts, Officer Smith, nor Sheriff Fry.

1

### I. Venue is Improper in the Southern District of California

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal should the Court determine, inter alia, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.")

The Plaintiff's case lacks proper venue. Venue (the judicial district where this lawsuit can be decided) may be raised by a court sua sponte (on its own) when the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in:

> 1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). When a case is filed in the wrong judicial district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff has identified Defendants Officers Butts and Smith of the Federal Way Police Department, and Sheriff Fry of the Seattle-Tacoma Sheriff's Office, all three of whom appear to be residents of Washington State. Given that Defendant San Diego Police Department, which is in California, is not located in the same state as the other Defendants, this lawsuit cannot be maintained in this District unless venue is improper elsewhere. *See* 28 U.S.C. § 1391(b)(1).

Venue is proper where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Though much of the complaint is difficult to understand, Plaintiff's factual allegations appear to be related to events that occurred in King County, Washington, which is in the Western District of Washington. *See* Fed. R.

Evid. 201.  Indeed, Plaintiff's claims appear to be based on Officers Butts and Smith allegedly (1) destroying Plaintiff's reputation with her boss and (2) unlawfully removing Plaintiff from her own apartment in King County, Washington.  [Compl. at 3.] Additionally, Plaintiff alleges an assault in Seattle, Washington by an unnamed party. [Compl. at 6.]  As such, venue may be proper in the Western District of Washington, where Plaintiff may choose to re-file.

**II.     Motion to Proceed IFP**

Given that venue in the Southern District of California is improper for Plaintiff's lawsuit, the Court declines to determine Plaintiff's request to proceed IFP at this time.  As such, Plaintiff's motion to proceed IFP [ECF No. 2] is **DENIED** as moot.

**III.    Conclusion**

Plaintiff's complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for improper venue, and Plaintiff's application to proceed IFP [ECF No. 2] is **DENIED** as moot.  Plaintiff may amend her complaint by **October 17, 2024** and allege facts sufficient to provide venue in the Southern District of California or file her complaint in the Western District of Washington.

Dated:  September 26, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge